

December 15, 2020 <u>**VIA CM/ECF**</u>

The Honorable Judge Lorna G. Schofield
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

RE: <u>*The Browning School v. Tate Hallford et al.*</u> **(No. 1:20-cv-09084)**

Dear Judge Schofield:

I write in response to Plaintiff The Browning School's ("Plaintiff" or "Browning") December 14, 2020 letter to the Court ("Letter") previewing Browning's proposed motion to dismiss ("Proposed Motion") Defendant Criston Cicala's ("Defendant" or "Mr. Cicala's") Counterclaims.

As a preliminary matter, Browning still fails to cite any basis—let alone mention—any Federal Rules of Civil Procedure that support its Proposed Motion. Moreover, Browning conflates the basic tenets of Fed. R. Civ. P. 12(b)(6)—the rule under which it is ostensibly seeking dismissal—and pleading sufficiency with what appear to be Browning's defenses to each of Defendant's well pleaded counterclaims. While Browning is certainly entitled to raise defenses in its answer, the mere existence of a defense does not warrant claim dismissal at the pleadings stage.

Indeed, Browning's Letter overlooks the simple fact that in deciding a motion to dismiss, the allegations in the pleading are accepted as true, and all reasonable inferences must be drawn in the pleading party's favor. *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007). The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." *Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir. 1985). And the Court should not dismiss a pleading if a party has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Defendant addresses each of its sufficiently pleaded causes of action in order below.

**<u>All Breach of Contract Counterclaims are Adequately Plead</u>**

Browning conflates its apparent defense to the breach of contract counterclaims with the actual issues relevant to a motion to dismiss under Fed. R. Civ. P. 12(b)(6), *i.e*, sufficiency of the pleadings. Defendant appreciates Browning's inevitable admission that it has not performed on either the 2019/2020 or the 2020/2021 Enrollment Agreements (for not only the Subject Students, but indeed its entire student body) and will address those concessions at the appropriate time. Nevertheless, that Browning may assert a defense based on its obvious lack of performance does not justify dismissal of a sufficiently plead claim. Browning does not even attempt to suggest that the breach of contract counterclaims are insufficiently plead, and its Proposed Motion will fail on that basis alone. Tellingly, not a single case cited by Browning relates to the dismissal of a

complaint under Rule 12 at the pleadings stage. Instead Browning relies solely on summary judgment decisions and opinions from the early 1900s.

Few parties attempt to bring dismissal motions on such infirm grounds as they are routinely rejected. *See, e.g., Burke v. Steinmann*, 2003 WL 21507490, at *2–3 (S.D.N.Y. June 30, 2003) ("Whether defendants will ultimately be entitled to summary judgment after discovery remains to be seen, but the complaint clearly states a claim for breach of contract…The argument that Burke's alleged actions frustrated the agreement and made it impossible of performance rests on assertions of fact outside the complaint… the motion to dismiss Count II is denied.").

To state a claim for breach of contract in federal court under New York law, a party "need only allege (1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages." *Axiom Inv. Advisors, LLC by & through Gildor Mgmt., LLC v. Deutsche Bank AG*, 234 F. Supp. 3d 526, 535 (S.D.N.Y. 2017) (J. Schofield) (denying motion to dismiss breach of contract claim). Defendant's counterclaims do just that—and Browning does not suggest otherwise. Browning's dismissal request is frivolous, and respectfully, should not be permitted to proceed to briefing.

**All Unjust Enrichment Counterclaims are Adequately Plead**

As Browning itself concedes, a party is entitled to plead alternate theories including breach of contract and unjust enrichment. The Second Circuit has explained that parties may simultaneously plead both causes of action because they "need not make a pretrial election between these theories; [they are] entitled to have the case submitted to the jury on both theories." *Rule v. Brine, Inc*., 85 F.3d 1002, 1011 (2d Cir. 1996); *see also Goodrich Capital, LLC v. Vector Capital Corp*., 2012 WL 4123401, at *6 (S.D.N.Y. June 26, 2012). Therefore, even though "a [party] may not ultimately *recover* under both the breach of contract and unjust enrichment claims, courts in this Circuit routinely allow plaintiffs to *plead* such claims in the alternative." *Transcience Corp. v. Big Time Toys, LLC*, 50 F.Supp.3d 441, 452 (S.D.N.Y. 2014) (emphasis in original).

Much like its first argument, Browning does not actually dispute the sufficiency of Defendant's Unjust Enrichment pleadings. Instead, it makes the conclusory and uncompelling assertion that any claim of Unjust Enrichment must fail because "[t]he existence of a valid contract bars recovery based on the quasi-contract theory of unjust enrichment." But Browning's Letter ignores the wealth of authority that addresses the very facts at issue here—where factual disputes exist as to the validity of the Agreements. Courts routinely allow breach of contract and unjust enrichment claims to simultaneously proceed past the motion to dismiss stage when the validity or scope of the contract is difficult to determine. *Hildene Capital Mgmt., LLC v. Friedman, Billings, Ramsey Grp., Inc*., 2012 WL 3542196, at *11 (S.D.N.Y. Aug. 15, 2012); *U.S. Bank Nat'l Ass'n v. BFPRU I, LLC*, 230 F.Supp.3d 253, 265–66, (S.D.N.Y. Jan. 30, 2017); *Nat'l Convention Servs., L.L.C. v. Applied Underwriters Captive Risk Assurance Co*., Inc., 239 F. Supp. 3d 761, 795 (S.D.N.Y. 2017).

Your Honor has explained this point on numerous occasions. *See, e.g., Town & Country Linen Corp. v. Ingenious Designs LLC*, 436 F. Supp. 3d 653, 669–71 (S.D.N.Y. 2020), *order vacated in part on reconsideration*, 2020 WL 996732 (S.D.N.Y. Mar. 2, 2020) (J. Schofield). By way of example, Your Honor held in *Axiom Inv. Advisors* that:

*"To prevail on a claim for unjust enrichment in New York, a plaintiff must establish (1) that the defendant benefitted; (2) at the plaintiff's expense; and (3) that equity and good conscience require restitution…The Complaint pleads those elements…Dismissal of an unjust enrichment claim for duplication is only warranted where 'the suing party has fully performed on a valid written agreement, the existence of which is undisputed, and the scope of which clearly covers the dispute between the parties…Because there remains a factual dispute as to the existence of valid contracts governing some of the subject matter of the unjust enrichment and quantum meruit claims, the claims are not precluded, and they survive Defendants' motion."*

*Axiom Inv. Advisors, LLC by & through Gildor Mgmt., LLC v. Deutsche Bank AG*, 234 F. Supp. 3d 526, 538 (S.D.N.Y. 2017) (J. Schofield) (denying motion to dismiss unjust enrichment claims) (internal citations omitted). Other courts in this District and Circuit routinely hold the same. Browning's arguments seeking dismissal of unjust enrichment are therefore contrary to relevant and controlling authority.

**All Conversion Counterclaims are Adequately Plead**

Here again, Browning conflates the relevant issues of pleading sufficiency with its disputed defenses and does not attempt to argue purported deficiencies in Defendant's counterclaims.

To sufficiently plead conversion, a party must allege: (1) plaintiff's possessory right or interest in the property and (2) defendant's dominion over the property or interference with it, in derogation of plaintiff's rights. *Lynch v. City of N.Y.*, 108 A.D.3d 94, 965 (1st Dep't 2013). Defendant's counterclaims do just that and Browning does not argue otherwise. Each of the reasons cited in support of Browning's Proposed Motion: (1) Defendant allegedly never made a demand for repayment; (2) alleged voluntary delivery of money; and (3) the money has long since been comingled—are disputed facts. For the purposes of the Court's analysis under Fed. R. Civ. P. 12(b)(6), Defendant's counterclaim facts as plead are accepted as true. Browning is free to assert defenses to conversion, but the mere existence of a defense does not entitle Browning to counterclaim dismissal at the pleadings stage.

Browning's arguments are unfounded in law and fact and should be rejected in advance without unnecessarily consuming time and resources of the Court and Defendant.[1]

Respectfully submitted,

/s/ *Criston Cicala*

Criston E. Cicala

---

[1] Plaintiff's original due date to answer or otherwise respond to Defendant's counterclaims is December 28. Plaintiff's proposed briefing schedule—which it never shared with Defendant—seeks a nearly two-week extension without justification. Should the Court permit motion practice on any of the three issues above, Defendant respectfully requests that the parties keep with the original due dates to avoid unnecessary case delay and to complete the moving and opposition briefs before the January 7 Rule 16 Conference.