# KLG

## KLG LUZ & GREENBERG LLP
A NEW YORK LIMITED LIABILITY PARTNERSHIP

211 EAST 43RD STREET, 24TH FLOOR
NEW YORK, NEW YORK 10017
WWW.KARALAW.COM

TELEPHONE
(212) 681-8313

**By December 21, 2020**, Defendant Criston Cicala shall file a responsive letter.

**So Ordered.**

December 14, 2020

Dated: December 15, 2020
New York, New York

*LORNA G. SCHOFIELD*
**UNITED STATES DISTRICT JUDGE**

Lorna G. Schofield, U.S.D.J.
United States District Court
40 Foley Square
New York, New York 10007

    Re: <u>The Browning School v. Hallford, no. 20 civ. 09084</u>

Dear Judge Schofield:

    This firm represents Plaintiff The Browning School. This letter is to propose a briefing schedule for Plaintiff's contemplated motion to dismiss the counterclaims of Defendant Criston Cicala.

    The parties have complied with your individual practice III(A)(3) in that Plaintiff has submitted a three-page letter to Mr. Cicala citing the legal bases for the motion to dismiss and Mr. Cicala has responded stating simply that the counterclaims are properly pleaded.

    Plaintiff suggests that the motion could be filed on or before January 6, 2021, responding papers could be filed on or before January 20, 2021, and any reply could be filed no later than January 27, 2021.

    In brief, the bases for the motion to dismiss Mr. Cicala's counterclaims are as follows.

**1.**     <u>**The Unjust Enrichment Claims Fail Because There Exists An Express Contract.**</u>

    Mr. Cicala pleads two causes of action for unjust enrichment. He also pleads at many places in his counterclaims that the parties' relationship is defined by contract. The Plaintiff agrees. In such a circumstance, there is no claim in quasi-contract. "Unjust enrichment is an equitable claim that is unavailable where an adequate remedy at law exists." *Fed. Treasury Enter. v. Spirits Int'l N.V.*, 400 Fed. Appx. 611, 613 (2d Cir. 2010). The existence of a valid contract bars recovery based on the quasi-contract theory of unjust enrichment. *Agerbrink v. Model Serv. LLC*, 155 F. Supp. 3d 448 (S.D.N.Y. 2016).

While, as a general matter, Rule 8(d) of the Federal Rules of Civil Procedure permits a party to plead causes of action in the alternative, "unjust enrichment may only be pleaded in the alternative where one of the parties asserts that the contract governing the dispute is invalid." *Purifoy v. Walter Inv. Mgmt. Corp.*, no. 13-cv-937 (RJS), 2015 U.S. Dist. LEXIS 170732 (Dec. 21, 2015); *see also US Airways, Inc. v. McCutchen*, 569 U.S. 88 (2013) (citing *Restatement (Third) of Restitution and Unjust Enrichment* § 2(2) (2010) for the proposition that a "valid the contract defines the obligations of the parties as to matters within its scope, displacing to that extent any inquiry into unjust enrichment"). Since both parties agree that the contract controls, there can be no claim in quasi-contract.

**2. The Conversion Counterclaims Should Be Dismissed.**

Mr. Cicala claims that the School "converted" the tuition payments he made on behalf of his sons. To sustain an action for conversion of a sum of money, a claimant must allege that he had ownership, possession, or control of the money which is the subject of the action. See, *City of New York v 611 W. 152nd St.*, 273 A.D.2d 125 (1st Dep't 2000). Claimant must have had "an immediate superior right of possession to the identifiable fund and the exercise by defendants of unauthorized dominion over the money in question to the exclusion of [claimant]'s rights." *Bankers Trust Co. v Cerrato, Sweeney, et al.*, 187 A.D.2d 384, 385 (1st Dept 1992). Here, the School's possession was not unauthorized. Rather, Mr. Cicala voluntarily delivered the money to the School. Further, because that money has long since been commingled with the School's general funds, there is no longer a "specific, identifiable fund" to which Mr. Cicala could take possession. Accordingly, the conversion claim cannot lie.

**3. The Conversion Counterclaim for 2019 Fails Because the Defendant Never Made a Demand for Repayment.**

With respect to the third cause of action, for return of tuition money paid in 2019, "New York distinguishes claims that the defendant wrongfully detained—in contrast to having wrongfully taken—the property in question." *Newbro v. Freed*, 409 F. Supp. 2d 386, 394 (S.D.N.Y. 2006), *aff'd*, No. 06-1722-CV, 2007 WL 642941 (2d Cir. Feb. 27, 2007). In such a case, the claimant must demand return of the property and be refused before a claim of conversion can be viable. *Regions Bank v. Wieder & Mastroianni, P.C.*, 526 F. Supp. 2d 411 (S.D.N.Y. 2007); *In re King*, 305 A.D.2d 683, 683 (2d Dep't 2003); Further, if the recipient disposes of the property before demand is made, it is not liable for conversion unless the disposition was unlawful. *Regions Bank, supra*.

Having voluntarily paid the 2019 tuition to the School, Mr. Cicala cannot argue that the School came into possession of it unlawfully. Therefore, under the law, for a conversion claim to be viable, he was required to make a demand of the School for return of the money. This is

not in his pleading and there is no evidence that such a demand was made. Further, even had he made such a demand, it would be insufficient to support a conversion claim because the School had long ago lawfully used the funds for its general expenses.

**4.      The Contract Claims Fail Due to Impossibility of Performance.**

Mr. Cicala claims that the School breached its contract with him by complying with governmental orders occasioned by the COVID-19 pandemic. Under basic principles of contract law, a party's performance can be excused when it "is made impracticable by having to comply with a domestic or foreign governmental regulation or order." Restatement (Second) of Contracts § 264. "The fact that it is still possible for a party to perform if" that party "is willing to break the law and risk the consequences does not bar" the party "from claiming discharge." Restatement (Second) of Contracts § 264, cmt. a. "Impossibilities caused by [governmental orders] 'will excuse a party's performance… if the fault of the party owing performance did not contribute to the order.'" *MG Refining & Mktg., Inc. v. Knight Enters.*, 25 F. Supp. 2d 175, 188 (S.D.N.Y. 1998) (J. Sotomayor) (quoting *Lowenschuss v. Kane*, 520 F.2d 255, 265 (2d Cir. 1975)); see also *Harriscom Svenska, A.B. v. Harris Corp.*, 3 F.3d 576 (2d Cir. 1993).

Thus, when a government decree renders performance illegal, performance is excused. *E.g., L. N. Jackson & Co. v. Royal Norweigian Government*, 177 F.2d 694, 697-99 (2d Cir. 1949); *Rothkopf v. Lowry & Co.*, 148 F.2d 517 (2d Cir. 1945); *Israel v. Luckenbach S.S. Co.*, 6 F.2d 996 (2d Cir. 1925); *Texaco Co. v. Hogarth Shipping Co.*, 256 U.S. 619, 629-30 (1921).

Here, numerous Executive Orders of the Governor of the State of New York and officials of the City of New York, occasioned by the coronavirus pandemic, necessitated the cessation of in-person learning at the School in the spring of 2020 and the curtailment of certain programs in the academic year 2020-21. The School had no control over these orders and no non-futile means of challenging them. To the extent permissible by law, the School has discharged all of its obligations under the agreement. Because of these Executive Orders, the School's complete performance under the contracts was excused.

We ask that the Court set a briefing schedule for a motion at its earliest convenience.

Very truly yours,

/S/

Thomas J. Luz

Cc:     Criston Cicala, Esq.
        Avram Turkel, Esq.