

December 17, 2020 <u>**VIA CM/ECF**</u>

The Honorable Judge Lorna G. Schofield
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

**RE:** *The Browning School v. Tate Hallford et al.* **(No. 1:20-cv-09084) (SDNY)**
<u>**Defendant's Letter to the Court Addressing Plaintiff's Improper Filing**
**of a Unilateral Case Management Plan**</u>

Dear Judge Schofield:

I write in response to Plaintiff's unilateral and unauthorized filing of a "Proposed Case Management Plan" today. *See* Dkt. No. 22.

Your Honor's Individual Rules and Practices explicitly:

> [D]irect the parties, inter alia, to file <u>a **joint** letter</u> and <u>a **joint** proposed Civil Case Management Plan and Scheduling Order</u> at least <u>one week before the conference date</u>. The parties shall use the form Proposed Case Management Plan and Scheduling Order available at the Court's website (https://nysd.uscourts.gov/hon-lorna-gschofield).

Individual Rule IV(A)(2) (emphasis added).

After Defendant's repeated attempts to get Plaintiff to even participate in a Rule 26(f) Conference (*see e.g.*, December 11, 2020 Cicala Letter to Luz; December 15, 2020 Cicala Email to Luz (attached collectively hereto as Exhibit 1), the parties finally conducted said conference yesterday, December 16, 2020. The parties reached agreement on much—but not all—of the discovery and scheduling issues discussed.

This morning I wrote twice to Plaintiff's counsel Mr. Luz outlining the remaining disputes and urging Plaintiff not to file any joint case management plan as those disputes were unresolved. *See, e.g.*, Cicala December 17, 2020 Letter to Luz; Cicala December 17, 2020 Email to Luz (attached collectively hereto as Exhibit 2).

For reasons unknown—and in direct violation of Individual Rule IV(A)(2)—Plaintiff filed a unilateral case management plan this afternoon. <u>That proposed plan failed to include any of Defendant's positions on the fact discovery and scheduling issues that remain in dispute</u>. For instance, the parties disagree on the timing of fact discovery. Defendant believes that fact discovery starts once the parties confer under Fed. R. Civ. P. 26(f). *See* Fed. R. Civ. P. 26(d)(1). Citing no authority, Plaintiff disagrees and states that discovery does not open until after the January 7, 2021

Rule 16 Conference.[1] Consequently, the parties disagree on the timing of at least the dates set forth in sections 8(c)-8(f) of the proposed plan.

Plaintiff's reasons for filing the unilateral plan today were simply: "I filed a document called 'Proposed Case Management Plan—Plaintiff.' The system does not permit further edits or qualifications."[2] *See* December 17, 2020 Luz Email to Cicala attached hereto as Exhibit 3.

To correct Plaintiff's violation of Individual Rule IV(A)(2), and to avoid duplicative filings that will unnecessarily expend Court time and resources, I respectfully request that the Court disregard and/or expunge Plaintiff's unilateral case management plan at Dkt. No. 22 and direct Plaintiff to refile a joint case management plan (that includes both agreed upon and disputed positions) in accordance with Your Honor's Individual Rule IV(A)(2). The joint case management plan will be filed contemporaneously with the parties' joint letter on or before December 31, 2020, *i.e.*, at least one week before the January 7 Rule 16 Conference.

I thank that Court for its time and consideration.


Very truly yours,

/s/ *Criston Cicala*

Criston E. Cicala


cc: Avram Turkel, Esq.

---

[1] The parties' disagreement on the timing of fact discovery stems from Plaintiff's apparent confusion between a Fed. R. Civ. P 26(f) "Conference of the Parties," and a Rule 16 initial court conference.

[2] Defendant is becoming increasingly concerned with Plaintiff's cavalier filing practices, which have already included the unlawful public disclosure of numerous minors' PII in Plaintiff's complaint. Defendant intends to address this issue at the Rule 16 Conference.

# EXHIBIT 1



December 11, 2020                                                                                   **VIA EMAIL**

Thomas Luz, Esq.
KLG Luz & Greenberg LLP
P: 212-681-8313
E: tluz@karalaw.com

**RE:**    <u>**Deadline to Complete Fed. R. Civ. P. 26(f) Conference**</u>

Counsel:

We are now less than a week away for the deadline to complete the Rule 26(f) conference—and I have yet to hear from Plaintiff on any plans to conduct the conference, nor has Plaintiff provided any proposed scheduling orders, protective orders or ESI orders.

Developing a discovery plan as required under the rule takes time, and I therefore suggest starting the discussion near term. To be clear, I fully intend to seek electronic discovery of Browning (as demonstrated by my recently served Rule 33 Requests for Production Nos. 1-48), including email discovery of multiple Browning custodians using search terms, likely using Judge Schofield's default for numbers of custodians (Individual Rule II.A.1.a).

To equally split the laboring oar, please provide proposed protective order in advance of our conference, and —and I will provide a proposed ESI order. We will then jointly work on the Civil Case Management Plan and Scheduling Order, for which Judge Schofield provides a template.

To properly conduct a Rule 26(f) conference, parties need sufficient time to address the relevant issues. This process should not be left for the last minute, and I therefore look forward to your response.

Very truly yours,

/s/ <u>*Criston E. Cicala*</u>

Criston E. Cicala

cc: John Botti
    John Campbell
    Board of Trustees of The Browning School

| | |
|---|---|
| **From:** | Cris Cicala |
| **To:** | Andrea Castillo |
| **Subject:** | FW: Letter of Opposition / Rule 26(f) |
| **Date:** | Thursday, December 17, 2020 1:51:26 PM |
| **Attachments:** | image001.png |
| | 2020.12.15 Cicala Response Letter to Browning"s Proposed Motion to Dismiss (Filed).pdf |

**From:** Cris Cicala <ccicala@cbsattorneys.com>

**Date:** Tuesday, December 15, 2020 at 12:50 PM

**To:** "Thomas J. Luz" <tluz@karalaw.com>

**Cc:** ███████████████████████████████████████
███████████████████████████

**Subject:** Letter of Opposition / Rule 26(f)

Counsel:

Please see attached a courtesy copy of the as filed letter of opposition to your proposed motion to dismiss.

Additionally, and further to my letter of Friday December 10, 2020, I still await Browning's availability and position as to the Rule 26(f) conference which must be completed by this Thursday. It remains unclear why Browning refuses to engage on this issue despite the clear mandates of Rule 26(f).

Very truly yours,



**Criston E. Cicala**
Partner

646.819.0401 (direct)
646.819.0400 (main)
646.819.0409 (fax)

5 Columbus Circle
11th Floor
New York, NY 10019

www.cbsattorneys.com

# EXHIBIT 2



December 17, 2020                                          **VIA EMAIL**

Thomas Luz, Esq.
KLG Luz & Greenberg LLP
P: 212-681-8313
E: tluz@karalaw.com


**RE:**     **Parties' Completion of the Rule 26(f) Conference**


Counsel –

Thank you for your time completing today's Rule 26(f) Conference. I will review your draft Case Management Order. While I believe we may agree on some issues, there are others that remain in dispute and will require competing Court submissions by the Parties. To that end, please do not submit anything to the Court purporting to be a joint submission without my review and authorization.

Our threshold disagreement relates to the start of fact discovery. This disagreement stems from your misunderstanding of the Federal Rules of Civil Procedure and the difference between a Fed. R. Civ. P 26(f) "Conference of the Parties," and the Rule 16 initial court conference despite your insistence to the contrary on our call yesterday.

I refer you to Fed. R. Civ. P. 26(f) aptly named "Conference of the Parties; Planning for Discovery" which states in pertinent part: "Except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B) or when the court orders otherwise, the parties must confer as soon as practicable—and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)." This is exactly what we conducted yesterday—exactly 22 days before the Court's January 7, 2020.

Next, I refer you to Judge Schofield's Individual Rules and Practices, specifically Rule IV(A)(2) which states:

> Initial Case Management Conference and Plan. The Court generally will schedule a **Federal Rule of Civil Procedure 16(c) conference within two months of the filing of the complaint. The Notice of Initial Pretrial Conference will be docketed on ECF and will direct the parties, inter alia, to file a joint letter and a joint proposed Civil Case Management Plan and Scheduling Order at least one week before the conference date.** The parties shall use the form Proposed Case Management Plan and Scheduling Order available at the Court's website (https://nysd.uscourts.gov/hon-lorna-

> gschofield). After the Initial Pretrial Conference, the Court will issue a scheduling order, adopting and/or modifying the dates the parties set forth in their Proposed Case Management Plan. Any status letter ordered by the Court shall include the following details: (a) **What discovery has taken place**, specifically (1) What discovery requests have been propounded, who propounded each request and on what date, (2) What responses were made, who made each response and on what date, (3) The volume of documents produced, who produced the documents and when.

Rule IV(A)(2) (emphasis added).

I further refer you to Dkt. No. 4 in this Action which sets the "Initial Conference set for 1/7/2021 at 10:40 AM"

Lastly, Fed. R. Civ. P. 26(d), which governs the timing of discovery, clearly states "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." Again, the Rule 26(f) conference took place yesterday meaning that fact discovery is now open—and will remain open until our proposed closing date next spring.

It is unclear why Browning—the party who brought this action—seeks to delay the start of fact discovery. But its reasons for delay are refuted by the unambiguous rules above.

In accordance with these rules, my Fed. R. Civ. P. 26(d)(2) early requests for production shall be deemed to be served as of yesterday. Additionally, I plan on serving additional discovery this week. Should Browning fail to respond in a timely manner in the face of this letter, I will move to compel the production of relevant documents and ESI and Interrogatory responses and will seek that all requests for admission be deemed admitted. I therefore urge Browning to rethink its position on this straightforward matter to avoid unnecessary motion practice.

Very truly yours,

/s/ *Criston E. Cicala*

Criston E. Cicala


cc: Avram Turkel, Esq.
John Botti
John Campbell
Board of Trustees of The Browning School

| From: | Cris Cicala |
|---|---|
| To: | Andrea Castillo |
| Subject: | FW: Case Management Plan |
| Date: | Thursday, December 17, 2020 2:23:53 PM |
| Attachments: | image001.png |

**From:** Cris Cicala <ccicala@cbsattorneys.com>
**Date:** Thursday, December 17, 2020 at 10:43 AM
**To:** "Thomas J. Luz" <tluz@karalaw.com>, Avram Turkel <aturkel@btpclaw.com>
**Subject:** Re: Case Management Plan

Mr. Luz:

Please do not submit anything purporting to be a joint submission. Please refer to my letter of this morning on the matter sent under separate email cover.

Very truly yours,



**Criston E. Cicala**
Partner

646.819.0401 (direct)
646.819.0400 (main)
646.819.0409 (fax)
5 Columbus Circle
11th Floor
New York, NY 10019
www.cbsattorneys.com

**From:** "Thomas J. Luz" <tluz@karalaw.com>
**Date:** Wednesday, December 16, 2020 at 4:59 PM
**To:** Avram Turkel <aturkel@btpclaw.com>, Cris Cicala <ccicala@cbsattorneys.com>
**Subject:** Case Management Plan

Gentlemen,

Attached is the result of our conference call of this afternoon.

Please let me know whether I should submit it as a joint plan or something less than that.

Regards,

Thomas J. Luz
KLG Luz & Greenberg LLP
211 East 43rd Street, 24th Floor
New York, New York 10017
(212) 681-8313

# EXHIBIT 3

**From:** "Thomas J. Luz" <tluz@karalaw.com>
**Date:** Thursday, December 17, 2020 at 1:40 PM
**To:** Cris Cicala <ccicala@cbsattorneys.com>, Avram Turkel <aturkel@btpclaw.com>
**Subject:** RE: Case Management Plan

I filed a document called "Proposed Case Management Plan—Plaintiff." The system does not permit further edits or qualifications.

Thomas J. Luz
KLG Luz & Greenberg LLP
211 East 43rd Street, 24th Floor
New York, New York 10017
(212) 681-8313


**From:** Cris Cicala [mailto:ccicala@cbsattorneys.com]
**Sent:** Thursday, December 17, 2020 10:43 AM
**To:** Thomas J. Luz; Avram Turkel
**Subject:** Re: Case Management Plan

Mr. Luz:

Please do not submit anything purporting to be a joint submission. Please refer to my letter of this morning on the matter sent under separate email cover.

Very truly yours,



**Criston E. Cicala**
Partner

646.819.0401 (direct)
646.819.0400 (main)
646.819.0409 (fax)

5 Columbus Circle
11th Floor
New York, NY 10019

www.cbsattorneys.com

**From:** "Thomas J. Luz" <tluz@karalaw.com>
**Date:** Wednesday, December 16, 2020 at 4:59 PM
**To:** Avram Turkel <aturkel@btpclaw.com>, Cris Cicala <ccicala@cbsattorneys.com>
**Subject:** Case Management Plan

Gentlemen,

Attached is the result of our conference call of this afternoon.

Please let me know whether I should submit it as a joint plan or something less than that.

Regards,

Thomas J. Luz
KLG Luz & Greenberg LLP
211 East 43rd Street, 24th Floor
New York, New York 10017
(212) 681-8313