

December 24, 2020                                                                          **VIA CM/ECF**

The Honorable Judge Lorna G. Schofield
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

**RE:**    *The Browning School v. Tate Hallford et al.* **(No. 1:20-cv-09084):**
       **Defendant Cicala's Letter Request Pursuant to Individual Rule III.A.3**

Dear Judge Schofield:

I write on behalf of myself, Criston Cicala, in the above-captioned action (the "Action") pursuant to Your Honor's Individual Rule III.A.3. Respectfully, I request permission to file a motion to dismiss "Defendant Tate Hallford's ("Defendant Hallford") Cross Claim" (Dkt. No. 14) pursuant to Fed. R. Civ. P. 12(b)(6) and 12(b)(1). The relevant parties have met and conferred on this matter, but regrettably have been unable to resolve their disputes thus requiring this letter—and ultimately—the motion proposed below.

Defendant Hallford's one-and-a-half-page crossclaim is short on factual allegations—but appears to seek indemnification based on the parties' divorce stipulation of settlement agreements (further described *infra*). But Defendant Hallford's pleading omits key portions of those agreements that explicitly negate her indemnification claim and all relief sought. Indeed, the subject pleading selectively quotes from the operative agreements, providing the Court a skewed, incomplete, and incorrect recitation of the four corners of the documents.[1]

Defendant Hallford's crossclaim rests on her erroneous belief that Defendant Cicala is required to indemnify her under the Stipulation of Settlement Agreement as Modified, when in fact neither the original November 20, 2012 Stipulation of Settlement Agreement ("Original Agreement") or its June 23, 2020 modifications ("Modified Agreement") (collectively, the "Agreements") provide for such relief.

Under the provisions of the Original Agreement, Defendant Cicala was only responsible for financing private school for the Subject Students[2] so long as the Subject Students resided in New

---

[1] Tellingly, Defendant Hallford fails to attach a copy of either Agreement under seal or otherwise. Defendant Cicala is willing to submit the Agreements to Your Honor for *in camera* review should it please the Court and/or assist the Court with addressing the requests of this Letter. To be clear, Defendant intends to file the full Agreements under seal in connection with its proposed Rule 12(b)(1) motion. And should the Court prefer to address this matter under Fed. R. Civ. P. 56, Defendant Cicala is prepared to convert his proposed Rule 12 motion accordingly.

[2] The Subject Students are the twin sixth grade children of Mr. Cicala and Ms. Hallford.

York City. The minor children do not reside in New York City—and have not resided in New York City since at least March 10, 2020. Indeed, the Subject Students have not resided in New York City at any point during the period for which Plaintiff is seeking damages.[3]

Moreover, under the provisions of the applicable paragraph as modified on June 23, 2020 there is no obligation for Defendant Cicala to pay private school expenses *at all* unless it is mutually agreed by the parties in advance. Though not stated in her pleading, Defendant Hallford is seeking indemnification for Browning's underlying Breach of Contract claim that purports a breach of the <u>2020/2021 enrollment agreement that relates to the current academic year</u>. Clearly, Defendant Cicala did not agree in advance to cover the private school expenses for which Defendant Hallford is seeking indemnification. This is evidenced by at least: (1) Defendant's Hallford's failure to allege such facts in her pleading and (2) Defendant Cicala's defenses in the underlying action.

Accordingly, Defendant Hallford's crossclaim fails to state a claim upon which relief can be granted. The four corners of the Agreements explicitly refute Defendant Hallford's purported indemnification rights and dismissal is therefore appropriate. *See, e.g.*, *Clear Marine Ventures, Ltd. v. Brunswick Corp.*, 2009 WL 10667205, at *2 (S.D. Fla. Apr. 6, 2009) ("Allied's motion to dismiss persuasively argues that the Agreement expressly contradicts Clear Marine's claims as a matter of law."); *Gunter v. United Fed. Credit Union*, 2016 WL 3457009, at *3 (D. Nev. June 22, 2016) ("UFCU is correct in arguing that the Court may dismiss a breach claim if a plaintiff's allegations are directly refuted by the express terms of a contract…").

Dismissal is also warranted under Fed. R. Civ. 12(b)(1) because the language of the Agreements so clearly refutes Defendant Hallford's claims, they are rendered wholly implausible to the point that it divests this Court of subject matter jurisdiction. *See, e.g.*, *Hagans v. Lavine*, 415 U.S. 528, 536- 37 (1974) (citing numerous Supreme Court cases for the proposition that patently frivolous, attenuated, or unsubstantial claims divest the district court of jurisdiction); *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013); *Ball v. Famiglio*, 726 F.3d 448, 469 (3d Cir. 2013) (a claim may be dismissed if it is based on an "indisputably meritless legal theory"); *Commonwealth Property Advocates, L.L.C. v. Mortgage Electronic Registration Sys., Inc.*, 680 F.3d 1194, 1202 (10th Cir. 2011) ("[d]ismissal is appropriate if the law simply affords no relief."); *Young v. Davis*, 2013 U.S. Dist. LEXIS 122807 (D. Md. Aug. 27, 2013) ("[a] complaint that is totally implausible or frivolous may be dismissed sua sponte for lack of subject matter jurisdiction pursuant to Fed R. Civ. P. 12(b)(1)").

For these reasons, I respectfully request the Court's permission to move pursuant to Fed. R. Civ. P. 12(b)(6) And 12(b)(1) to dismiss Defendant's Hallford's crossclaim.

Respectfully submitted,

/s/ *Criston Cicala*

Criston E. Cicala

---

[3] The Subject Students reside full-time in Connecticut with Defendant Cicala. Defendant Hallford resides in Florida.