**BORSTEIN TURKEL** PC
Attorneys at Law

Leon Baer Borstein, Esq.
*Admitted in New York*

Avram Solomon Turkel, Esq.
*Admitted in New York & New Jersey*

Tanya N. Helfand, Esq., Of Counsel
*Admitted in New York & New Jersey*

December 28, 2020

**VIA CM/ECF**
Hon. Lorna G. Schofield
United States District Court for the Southern District of New York
40 Foley Square
New York, NY 10007

       **RE:** *The Browning School v. Tate Hallford et al.* **(No. 1:20-cv-09084) ("Action")**

Dear Judge Schofield:

      We represent Defendant-Cross Claim Plaintiff Tate Hallford ("Hallford"). We write in opposition to the December 24, 2020 letter request of Defendant Criston Cicala ("Cicala") for leave to move to dismiss Hallford's Cross Claim for indemnification. ECF Doc 26. Cicala's request should be denied.

      Defendants' Agreement is known to both Defendants, is undisputed and speaks for itself. Hallford did not previously file Defendants' Agreement out of an abundance of caution for the privacy of Defendants' children. Hallford has no objection to Cicala filing Defendants' Agreement under seal or to an *in camera* review.  A review of Defendants' Agreement would resolve Cicala's letter request and this opposition definitively in favor of Hallford.

      Hallford sufficiently pleads for the indemnification sought. As alleged by Hallford, "Cicala and Hallford entered into a valid and enforceable divorce settlement agreement dated November 20, 2012 and a modification of that agreement dated June 23, 2020 (collectively the 'Defendants' Agreement')") [See ECF Doc 14 (Hallford Answer with Cross Claim) at ¶2], pursuant to which Cicala must indemnify and hold Hallford harmless against any damages and attorneys' fees that may arise from this Action. *Id* at ¶¶ 3-9. "Hallford duly noticed Cicala of his default of his obligations to indemnity and hold Hallford harmless concerning this suit…Cicala did not cure his default." *Id* at ¶¶ 6-7. Hallford has and continues to incur costs and attorneys' fees and may incur damages if this Action results in a judgment against her. *Id.*

      Defendant Cicala's letter request does not allege that the Defendants' children did not reside in New York City in February 2020, the time when it is undisputed that *both* Defendants signed the 2020/2021 Enrollment Agreements, which is also the time at which Plaintiff alleges that the obligation arose. See ECF Doc 26; ECF Doc 1-2 (Complaint) at ¶5. ("Pursuant to two

written agreements, one for each of the boys, executed on February 4, 2020 by Ms. Hallford and on February 25, 2020 by Mr. Cicala, Defendants enrolled their sons in Browning's 6th-Grade class for the 2020-21 academic year."); ECF Doc 13 (Cicala Answer and Counterclaim) at ¶¶32, 53. ("Mr. Cicala and Ms. Hallford entered into re-enrollment contracts for each of the Subject Students governing the 2019/2020 academic year (the "2019/2020 Enrollment Agreements") in February 2019...¶53. Defendants were also materially induced to enter into and agree to the 2020/2021 Enrollment Agreements in February 2020 based upon their then prior course of dealings with Browning over the then prior 5.5 years, with the reasonable expectation that Browning would perform its obligations under the 2020/2021 Enrollment Agreements in a manner consistent with such then prior course of dealings."). Hallford will not herein address Cicala's caselaw from around the nation which is simply inapplicable in light of the plain language of Defendants' Agreement.

      Hallford respectfully requests that the Court deny Cicala's letter request and that Cicala's letter request and other or further issues be addressed at the initial pre-trial conference scheduled for January 7, 2021.

                                                                             Respectfully,

                                                                             __s/_____
                                                                             Avram Turkel, Esq.

To: All counsel of record (via ECF)